Dear Mr. Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to insurance coverage for the Board of Commissioners of the Hospital District from public funds. Your inquiry is concerned with the validity of funding of insurance coverage for the dependents of the Commissioners along with the Commissioners from public funds.
While Article VII, Section 14 of the Louisiana Constitution prohibits the loan, pledge or donation of public funds, it further provides that this section shall not pertain to the contribution of public funds for pensions and insurance programs for the benefit of public employees. This office has found this exception authorizes state and local entities to fund insurance programs for public employees and/or officials, Atty. Gen. Op. No. 96-153, and it has also stated payments of insurance premiums for dependents of public employees is clearly for the benefit of public employees, Atty. Gen. Op. No. 92-495.
Therefore, we do not find that the Constitution prohibits payment of insurance premiums for the dependents of the commissioners.
However, as you point out, R.S. 33:5151 provides in paragraph (A) that political subdivisions may pay for the premiums of accident and health insurance for their employees and officials, but further provides in paragraph (B) as follows:
 Nothing in this section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both.
Accordingly, you conclude, since the only dependents the statute makes reference to are those of employees, it does not appear that this privilege of payment from funds of the political subdivision extends to dependents of the board of commissioners.
We note that R.S. 42:851 provides that the state of Louisiana and each of its governmental and administrative subdivisions, departments, or agencies of the executive, legislative, or judicial branches, and the governing boards and authorities of each state university, college, or public elementary and secondary school system in this state are authorized to procure group health insurance contracts for their "employees, officials, and department heads, or any class or classes thereof, and the dependents of such employees, officials, or department heads". It is further provided therein that the "contribution of the state in all cases shall not exceed fifty percent of the total premium paid."
As noted in R.S. 33:5151, it is specifically stated that nothing in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward payment of premiums for health protection. We construe this to mean the restriction of the contribution of the state not to exceed fifty percent of the total premium is not applicable. However, we also find that the provision allowing the state governmental subdivisions to contract for group health insurance for the dependents of their employees, officials, or department heads would not be applicable to political subdivisions of the state. This office stated in Atty. Gen. Op. No. 90-106 as follows:
 R.S. 42:851 (A) makes it clear the legislative intent that political subdivisions such as Laf ourche Parish may provide group health insurance benefits for "officials" as well as employees of the political subdivision. The additional provisions of this statute dealing with payment of premiums would be superseded by the provisions of R.S. 33:5191, above, which more specifically apply to political subdivisions of the state.
Following this reasoning, we would note that R.S. 46:1068.1
specifically applies to a Hospital Service District wherein it provides that notwithstanding R.S. 33:5151 and R.S. 42:851 a hospital service district may pay on behalf of its directors, officers, and employees the full cost of coverage, whether through a self-funding plan or contract with an insurer or otherwise for health and accident coverage. This enactment was by Act 753 of 1987, and thereby preceded the amendment to R.S. 33:5191 [33:5151] adding paragraph B.
R.S. 33:5191 [33:5151] was amended by Act 154 of 1988 which in its title provides the amendment was with respect to contributions of a local governmental subdivision toward premiums for accident and health protection. Pursuant to this Act, Paragraph B was added which, as shown above, provides the contributions of the local government would not be limited for employees and dependents.
While this amendment does not make reference to "officials" in providing there will be no limitation of payments by the governmental subdivisions, it has been observed that it is clear under this statute that the political subdivision may pay 100% of the insurance premiums of elected officials, finding that section B removes any limitation of payments by a local governmental subdivision towards these premiums and authorizes the 100% payment, Atty. Gen. Op. No. 91-219. Similarly, numerous opinions of this office have concluded that 100% of the premium for employees and officials may be paid by the political subdivision to which they belong, thereby applying Paragraph B of R.S.33:5151 to officials.
Based upon this logic, it would follow that payments of public funds for dependents of employees of political subdivisions would also extend to dependents of officials.
We hope this sufficiently answers your inquiry, but would particularly note that this matter can be clarified by a statutory amendment for we find no constitutional prohibition that would prevent use of public funds in payment of health coverage for dependents of public officials.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR